IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FABIAN LOPEZ, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | |
|     Respondents. | : | NO. 13-2954 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at State Correctional Institution-Graterford in Graterford, Pennsylvania. For the following reasons, it is recommended that the petition be STAYED pending the state court's consideration of petitioner's claim.

I.    PROCEDURAL HISTORY

      On June 29, 1995, petitioner entered guilty pleas to charges of second degree murder, voluntary manslaughter, robbery, possessing an instrument of crime, and criminal conspiracy. Petitioner was sentenced on the same day to a term of life imprisonment. (Resp. to Habeas Pet. 8/28/13, Exh. A); Criminal Docket No. CP-51-CR-0317351-1994; see also (§ 2254 Habeas Pet. 5/20/13). The homicide for which petitioner was charged occurred on March 1, 1994. (§ 2254 Habeas Pet. 5/20/13). Petitioner states he was born on June 29, 1978; thus, petitioner was fifteen (15) years old at the time of the offense. Id.

      Petitioner filed a pro se petition for collateral relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§9541, et seq., on June 14, 2010. Id.

Petitioner subsequently amended the PCRA petition on July 17, 2012 to include the claim that his sentence violated the *Eighth Amendment* as announced by the Supreme Court of the United States in Miller v. Alabama, 132 S. Ct. 2455 (2012).[1] (Resp. to Habeas Pet. 8/28/13, Exh. B). At the date of this report and recommendation, petitioner's PCRA claim is still pending in state court. (Resp. to Habeas Pet. 8/28/13, Exh. A).

Petitioner filed the instant *pro se* petition for writ of habeas corpus[2] on May 20, 2013.[3] Petitioner presented the following claim: Petitioner's mandatory sentence of life imprisonment without parole for an individual under the age of eighteen is unconstitutional as determined by the Supreme Court of United States in Miller v. Alabama, 132 S. Ct. 2455 (2012). (§ 2254 Habeas Pet. 5/20/13 at 8).

After detailed review of the state court records, this court finds that petitioner has failed to exhaust his state court remedies due to petitioner's pending PCRA petition. I

---

[1] On June 25, 2012, the Supreme Court of the United States held that sentencing schemes that mandate life without parole for those under the age of eighteen at the time of the offense violate the *Eighth Amendment's* prohibition on "cruel and unusual punishment." Miller v. Alabama, 132 S. Ct. 2455, 2461 (2012). The Supreme Court's holding in Miller does not categorically bar sentencing minors to life imprisonment. Id. at 2471. Rather, Miller requires the trial court to follow a certain process of considering the defendant's youth and attendant characteristics before imposing a life sentence without parole and prohibits a mandatory sentencing scheme that does not take into account such factors. Id. at 2471. As a result of Miller, the Pennsylvania legislature has amended state sentencing laws; however, the amendments only apply to individuals convicted after June 24, 2012. See 18 Pa. C.S.A. § 1102.1(c)(1) (2013).

[2] Petitioner filed a *pro se* petition for writ of habeas corpus with an accompanying motion for leave to proceed in forma pauperis and a motion for the appointment of counsel before the United States Court of Appeals for the Third Circuit on May 23, 2013. The Third Circuit transferred the petition to the district court pursuant to Fed. R. App. P. 22(a). (Doc. 1, Order from Third Circuit, May 28, 2013).

[3] Although the habeas petition was not docketed by this court until May 23, 2013, (Doc. 2), the "mailbox rule" applies. Under the "mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the complaint to prison authorities for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, petitioner signed his petition on May 20, 2013 so we will presume that he also delivered it to authorities for filing on that date.

recommend that petitioner's habeas petition should be stayed while petitioner exhausts the state review process on his pending claim.

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise by any available procedure the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands in turn that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

In the case at bar, petitioner's claim is still pending in the PCRA court. Petitioner's PCRA claim presents the substantially equivalent claim alleging his sentence to life imprisonment without parole when he was under the age of eighteen at the time of the crime was determined to be unconstitutional by the United States Supreme Court in Miller v. Alabama. (Resp. to Habeas Pet. 8/28/13, Exh. B). Petitioner's claim will not be exhausted until petitioner invokes one complete round of appellate review at the state level. See O'Sullivan, 526 U.S. at 845. Here, petitioner has failed to exhaust his state law remedies because his petition is still pending before the PCRA court. See Castille, 489 U.S. at 350. This court will not grant habeas

3

review or relief until petitioner has completed appellate review at the state level. See O'Sullivan, 526 U.S. at 842. As such, the instant habeas petition is premature.

III.   STAY AND ABEYANCE

Although petitioner did not file a motion to stay, respondents do not oppose a stay order and the court will address whether it is appropriate to stay the instant habeas petition while petitioner proceeds with his PCRA petition in state court. The stay and abeyance procedure holds a federal habeas petition pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005). While granting a stay and abeyance is an available procedure, it is not a preferred course of action. Id. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. However, the Supreme Court also did not limit the authority to grant a stay to specific scenarios; rather, the district court must determine whether the petitioner "satisfied the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

The PCRA court is presumably holding the PCRA petition pending the Supreme Court of Pennsylvania's decision on whether the rule in Miller should be applied retroactively for purposes of state collateral review. See Commonwealth v. Cunningham, 51 A.3d 178 (Pa. 2012) (granting review to decide the issue of retroactivity). State courts are not constrained to the same test as federal courts for answering questions of retroactivity for state collateral relief. See Danforth v. Minnesota, 552 U.S. 264, 280-81 (2008). As such, there is further support for

the requirement that petitioner pursue one complete round of state review before this court may consider petitioner's claim.

Respondents do not oppose a stay in the instant case. Petitioner has met the requirements of Rhines for grant of a stay because there is good cause for failure to exhaust his state remedies as mentioned above. See Heleva, 581 F.3d at 192. Petitioner filed an amended PCRA petition less than one month after the announcement of the Miller decision and protectively filed the instant habeas petition. Under these circumstances a stay is warranted to allow petitioner to return to federal court in the event that petitioner does not prevail on state collateral review. Moreover, petitioner has raised a potentially meritorious *Eighth Amendment* claim. See Heleva, 581 F.3d at 192. Petitioner was under the age of eighteen at the time of petitioner's crime and he received a sentence of mandatory life without parole. Finally, there is no indication that petitioner has engaged in "intentionally dilatory litigation tactics" as petitioner promptly amended his PCRA petition to include the Miller claim. See id.

As such, I recommend that the instant habeas petition should be stayed pending the exhaustion of petitioner's state remedies. Nonetheless, a stay must not be indefinite and reasonable time limits should be placed on petitioner's ability to return to federal court. Rhines, 544 U.S. at 277. If petitioner fails to return to federal court within forty-five (45) days following the conclusion of petitioner's state court proceedings, I recommend the stay and abeyance order be vacated and petitioner's habeas petition be dismissed without prejudice.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this **17th** day of September, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be STAYED and held in ABEYANCE while petitioner exhausts his state claims. Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:

  s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE